ROBERT S. KING, APPELLANT, V. W. W. DAY, APPELLEE.

FILED MAY 19, 1917. No. 19006.

Trial: VERDICT: CONFORMITY. Evidence examined, and *held* that the verdict does not respond to the evidence or the law as given in the court's instructions.

APPEAL from the district court for Lancaster county: P. JAMES COSGRAVE, JUDGE. *Reversed.*

*Burkett, Wilson & Brown,* for appellant.

*Strode & Beghtol, contra.*

CORNISH, J.

Under a contract entered into January 17, 1913, plaintiff purchased of defendant all the stock in the State Oil Company, agreeing to pay therefor $18,500, the business being transferred to' plaintiff on the afternoon of January 29, 1913. By the terms of the sale defendant guaranteed that the value of the goods, wares and merchandise was $6,797.37; that the company owned 1,650 steel barrels; that the bills payable did not exceed $21,950.75, defendant agreeing to pay all bills in excess thereof; that the accounts receivable amounted to $12,288.24 and would be paid within three months. The value of the good will was fixed at $2,500. Alleging that defendant, "for the purpose of inducing the plaintiff to make said purchase and to enter into said contract, falsely and fraudulently and for the purpose of deceiving the plaintiff" misrepresented the net value of the assets, plaintiff brought this action to recover $17,943.60, it being alleged that the company was insolvent at the time plaintiff purchased the stock. There was a verdict for plaintiff for $1,941.90, and from the judgment thereon plaintiff appeals.

The controlling question on appeal is plaintiff's contention that his motion for a new trial should have been sustained, the proof conclusively showing that the verdict

should have been returned for a greater sum than $1,941.90, to wit, $15,486.28.

On appeal plaintiff classifies his elements of recovery as follows: for unpaid accounts receivable, $4,732.96; for excess accounts payable, not listed by defendant, $4,409.10; for shortage in inventory, $950.05; for goods on consignment, $1,194.44; for shortage in barrels, $1,698.73; and for good will $2,500.

Without considering these claims in detail, it is apparent that the verdict is not in harmony with the evidence. In the list of accounts receivable, items aggregating about $600 were listed twice by defendant. In the list of accounts payable, there was a mistake of $767.25, a debt of $775 being listed as $7.75. Taxes not listed by defendant amounted to $139.17. The largest claim under the classification of excess accounts payable relates to two cars of gasoline and one car of oil from the Chanute Refining Company, which, with freight charges and inspection fees, amounted to $2,544.86. There is considerable testimony about three cars on the switch track at the State Oil Company at the time the inventory was taken, January 29, 1913, and it seems to be proved that these cars were not inventoried. The three cars for which plaintiff is seeking to recover are cars unloaded while defendant was in charge of the company. The car of oil was shipped under an invoice dated January 10, 1913, for $324.16; one car of gas under an invoice dated January 3, 1913, for $910.13; the other car under an invoice dated January 13, 1913, for $100.83. The first two cars were paid for by plaintiff February 10, and the third car February 13. The records of the railroad company show that these cars were unloaded January 9, 18, and 20—some time before plaintiff and defendant took the inventory of the merchandise on hand. Defendant contends, however, that plaintiff has not shown that these cars were not included in the accounts payable, listed by defendant. The books kept by the State Oil Company while defendant was in charge show that the amounts due for these three

cars were not listed by him in the accounts payable. The first item which he listed under the account of the Chanute Refining Company was for oil and gas purchased December 16 and 18, $1,251.80. Other records of the company show that this was for a car of oil, $300.05, purchased December 16, and $951.75 for a car of gasoline purchased December 18. The second item listed by defendant was a note dated January 6, 1913, and due February 6, $2,748.-32. It is shown by other records of the company that this note covered oil and gas purchased from December 2 to 10. The third item listed was a note due January 27, 1913, for $3,000, but other records show that this note was given for oil and gas purchased in November.

A consideration of the other items claimed by plaintiff is unnecessary to show that the verdict is not in harmony with the conceded facts or facts which are conclusively proved. Making proper allowance for additional credits to which defendant was entitled, the verdict is less than half the amount shown to be due plaintiff on the claims considered above.

The petition contains allegations pertinent to an action for breach of warranty and to an action for deceit. Defendant's motion to require plaintiff to separately state and number his causes of action was not sustained. At the close of plaintiff's testimony defendant's motion to require plaintiff to elect upon which cause of action he would rely was also overruled. The jury were given instructions applicable to both theories of recovery. The commingling of the two causes of action, together with the lack of order in presenting evidence on the different claims presented, no doubt was confusing to the jury, and has made it difficult to review the evidence on appeal. In any event, the verdict does not respond to the instructions and evidence. The trial court instructed: "If the jury shall find from the evidence that the plaintiff is entitled to recover against the defendant, you are instructed that the measure of damages on the amount the plaintiff is entitled to recover is the amount of loss that the plain-

tiff has suffered in the depreciation of the value of the stock he purchased by reason of the failure of any of the representations or guarantees of the defendant; and the jury are instructed that to determine this amount you will determine the diminution of the assets due to the defendant's failure to make his representations and warranties good."

On the second trial plaintiff should separately state and number his causes of action, and should be required to elect which cause of action he will present to the jury. In making the proof, and in the cross-examination as well, so far as possible a definite order of procedure should be adhered to, in order that the jury may not be unduly confused in considering the various items presented. With these suggestions in mind, a jury on a second trial will probably arrive at a verdict responding to the evidence and the law.

The judgment of the district court is therefore reversed and the cause remanded for further proceedings.

REVERSED.

HAMER, J., dissents.