Robert S. King, appellee, v. W. W. Day, appellant.

Filed March 27, 1920.    No. 20678.

1. **Appeal: Refusal of Instruction.** The refusal to give a requested instruction is not error, where the same matter is covered in substance by an instruction given by the court on its own motion.

2. **Corporations: Sale of Stock: Warranty.** Contract of sale of all of the capital stock of an oil company contained a warranty that the company owned a certain number of steel barrels, without specifying kind, quality, or value. *Held*, that the warranty was too indefinite to permit a recovery for a shortage in the number of barrels, there being no competent extraneous evidence to explain it.

3. ———: ———: ———: **Breach: Measure of Damages.** In a suit for breach of warranties in the sale of all of the issued stock of a corporation, the measure of plaintiff's recovery is the difference between what such capital stock would have been worth had there been no breach of warranty and what it was actually worth; and the amount of recovery is not affected by a provision in the contract requiring the vendor "forthwith to subscribe and pay for 100 shares of stock of said company," where it appears that the intention of the parties was that the subscription should be for unissued capital stock.

4. **Guaranty.** A provision in a contract warranting that certain accounts receivable are "good and collectible, and will be paid to the said company within three months from date hereof, and said first party agrees to pay the said company promptly such a sum as shall equal the deficiency of the payment," is a guaranty of payment.

Appeal from the district court for Lancaster county: William M. Morning, Judge. *Affirmed on condition.*

*Strode & Beghtol,* for appellant.

*Burkett, Wilson, Brown & Wilson,* contra.

Morrissey, C. J.

This is an action for breach of contract. The original judgment was reversed and the cause remanded by this court in *King v. Day,* 101 Neb. 346. On a retrial, plain-

tiff recovered a judgment for $4,990.50, from which defendant appeals.

Defendant was the owner of all of the stock of the State Oil Company, a Nebraska corporation, which he sold to plaintiff. As part of the agreement, he "guaranteed" that the corporation had merchandise on hand of the value of $6,797.37; that it owned 1,650 steel barrels; that the debts of the company did not exceed $21,950.75; and that the accounts receivable amounted to $12,288.24, all of which would be paid in three months' time. Plaintiff claimed damages for breach of these warranties in the sum of $12,986.28. The jury allowed him $540 for shortage in the number of barrels; $2,204.50 for excess of indebtedness over the amount guaranteed in the contract; and $2,246 for deficiency in the amount of accounts receivable.

The first question to consider is the refusal of the trial court to give instruction No. 2, requested by defendant. The questions presented by this instruction were covered by instructions given by the court on its own motion, and by special interrogatory No. 1. The failure to give a requested instruction cannot be complained of as error, where the same matter is covered in substance by an instruction given by the trial court on its own motion.

Complaint is made of the court's instruction relative to the barrel shortage, and the refusal to give defendant's instruction on this point. It is unnecessary to discuss defendant's contention, because we are convinced this issue ought not to have been submitted to the jury. By the terms of the contract, defendant warranted that "there are in stock and in the field belonging to the company 1,650 steel barrels." The record indicates that various kinds and grades of steel barrels were used in the business in which this corporation was engaged. The parties made no specification as to condition, quality, or value in their agreement, and we are pointed to no competent evidence from which the jury could fix plaintiff's damage because of any shortage in the number of bar-

rels. The item of $540 allowed for such shortage cannot be permitted to stand.

The next question presented is the measure of plaintiff's recovery. The jury were instructed that, if they found in favor of plaintiff, the measure of his damage would be the difference between what the capital stock of the State Oil Company would have been worth had there been no breach of warranty and the amount which it was actually worth. Defendant attacks this instruction because of a provision in the contract requiring him "forthwith to subscribe and pay for 100 shares of stock of said company at the par value thereof of $10,000," which he claims constituted, in effect, an immediate repurchase of part of the stock of the corporation, and left plaintiff only a proportional interest, with no right to recover damages on the basis of the entire capital stock. The evidence shows, however, that all of the existing capital stock was transferred to plaintiff and paid for, and that thereafter defendant and plaintiff each subscribed for $10,000 worth of unissued stock. The use of the term "subscribe" is itself indicative that this was the intention of the parties. The court gave the jury the proper rule on which to determine the damages.

The last assignment of error which we need to consider is the giving of instruction No. 8, on the issue of accounts receivable. Under the contract, defendant warranted that the accounts receivable amounted to $12,288.24; "that said bills and accounts are good and collectible, and will be paid to the said company within three months from date hereof, and said first party agrees to pay the said company promptly such a sum as shall equal the deficiency of the payment, or the difference between the actual payment made upon said bills and accounts, and the sum, as aforesaid, $12,288.24." The court instructed the jury that this was an unrestricted guaranty which bound defendant regardless of any diligence in collection, but it placed the burden, however, upon plaintiff of establishing by a preponderance of the

evidence that the accounts for which he sought credit were worthless and uncollectible. Defendant contends that the guaranty was simply one of collection. The language of the contract supports the theory of the trial court that it was a guaranty of payment, and the qualifying clause in the instruction requiring plaintiff to show the uncollectibility of the accounts gave defendant a more favorable construction of the instrument than he was entitled to, and he cannot be heard to complain of it.

Incidental complaints are made of the insufficiency of the evidence on various points, but the conflict in the record as a whole is such that we do not feel warranted in disturbing the judgment except as to the item of $540 allowed for barrel shortage, previously mentioned. If plaintiff files in this court a remittitur for $540 within 30 days, the judgment will be affirmed; otherwise it will be reversed and a new trial granted.

AFFIRMED ON CONDITION.

DAY, J., not sitting.